ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 24-60227

East Fork Enterprises, Incorporated; Epic Paint Company,
*Petitioners*

v.

United States Environmental Protection Agency; Lee Zeldin, Administrator, United States Environmental Protection Agency,
*Respondents*

_____

consolidated with No. 24-60256
_____

East Fork Enterprises, Incorporated; Epic Paint Company; Sierra Club, American Chemistry Council,
*Petitioners*

v.

United States Environmental Protection Agency; Lee Zeldin, Administrator, United States Environmental Protection Agency,
*Respondents*

## RESPONDENTS' MOTION TO HOLD CASE IN ABEYANCE

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin ("EPA") respectfully move the Court to hold this case in abeyance for 120 days to allow new leadership to review the underlying rule that is

1

the subject of the petitions for review. In support of this motion, Respondents state the following:

1. This action involves petitions for review that challenge EPA's May 8, 2024 final rule published in the Federal Register entitled "Methylene Chloride; Regulation Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 39,254 (May 8, 2024) ("Rule").

2. The Parties have filed their initial briefs, the deferred joint appendix is due on February 14, 2025, and final briefs are due on February 28, 2025. Oral argument has not yet been scheduled.

3. As the Court is aware, a new administration took office on January 20, 2025. New administration officials at EPA need time to review numerous rulemakings, including the Rule, and to familiarize themselves with ongoing litigation. Here, EPA must brief new agency leadership on the Rule so they can determine what, if any, action is necessary.

4. To allow new leadership to undertake that review in an orderly fashion, EPA requests that the Court place this case in abeyance for 120 days.

5. This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is

prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

6. An abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Clean Water Action v. EPA*, 936 F.3d 308, 315 (5th Cir. 2019) (citing *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

7. Courts have granted stays or abeyance in circumstances like those presented here to accommodate a new administration's need to be briefed on the issues presented in pending litigation. *See, e.g.*, Order, (Doc. No. 48, 39),[1] *Union Carbide v. EPA*, No. 24-60615 (5th Cir. Jan. 29, 2025) (granting EPA's request to

---

[1] In this and the following citation, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

stay matter to allow new leadership to review challenged agency action); Order, (Doc. No. 142, 133), *Denka Performance Elastomer, LLC v. EPA*, No. 24-60351 (5th Cir. Feb. 7, 2025) (granting EPA's request for an abeyance to allow the agency to brief new leadership on the case and issues presented); Order, (Doc. Nos. 1883880, 1882301), *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration).

8. Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency.") *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

9. Counsel for EPA has conferred with counsel for Petitioners. Petitioner Sierra Club reserves its position pending review of the motion. Counsel Petitioners Epic Paint, East Fork and American Chemistry Council oppose the motion.

10. For these reasons, the Court should place this matter in abeyance for 120 days, with motions to govern due at the end of that period

Dated: February 14, 2025                     Respectfully submitted,

                                            LISA LYNNE RUSSELL

                                            /s/ *Laura J. Brown*
                                            LAURA J. BROWN
                                            U.S. Department of Justice
                                            Environmental Defense Section
                                            P.O. Box 7611
                                            Washington, D.C. 20044
                                            (202) 514-3376 (phone)
                                            (202) 514-8865 (fax)
                                            Email: laura.j.s.brown@usdoj.gov

ORAL ARGUMENT NOT YET SCHEDULED

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 781 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). This filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman fourteen-point font.

/s/ Laura J. Brown

ORAL ARGUMENT NOT YET SCHEDULED

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*/s/ Laura J. Brown*