# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 24-60227

East Fork Enterprises, Incorporated; Epic Paint Company,
*Petitioners*

v.

United States Environmental Protection Agency; Lee Zeldin, Administrator, United States Environmental Protection Agency,
*Respondents*

———————

consolidated with No. 24-60256

———————

East Fork Enterprises, Incorporated; Epic Paint Company; Sierra Club, American Chemistry Council,
*Petitioners*

v.

United States Environmental Protection Agency; Lee Zeldin, Administrator, United States Environmental Protection Agency,
*Respondents*

**NOTICE REGARDING RECONSIDERATION OF POSITION**

Respondents United States Environmental Protection Agency and its Administrator Lee Zeldin (collectively, "EPA") hereby notify the Court that EPA is currently reconsidering two statutory issues implicated in this litigation as part of new rulemaking: (i) the single risk determination issue set forth at pages 79-83 of EPA's brief; and (ii) the no-assumption of personal protective equipment issue set

1

forth at pages 75-79 of EPA's brief. Thus, as set forth more fully below, EPA hereby withdraws those portions of its brief and EPA will not defend its former positions on those issues at oral argument. The Agency, however, intends to defend the methylene chloride regulation based on the remaining arguments set forth in its brief.

1. This action involves petitions for review that challenge EPA's May 8, 2024, final rule published in the Federal Register entitled "Methylene Chloride; Regulation Under the Toxic Substances Control Act (TSCA)," 89 Fed. Reg. 39,254 (May 8, 2024) ("Rule"). The challenged Rule is intended to address an unreasonable risk of injury to health presented by methylene chloride under its conditions of use.

2. On February 14, 2025, Respondents filed an opposed motion to hold this case in abeyance while new administration officials at EPA reviewed the Rule and other related regulations. Respondents explained in their motion that new agency leadership needed to be briefed on the Rule and this ligation so they could determine what actions, if any, were necessary given potential policy changes advanced by the new administration. *See* ECF No. 181.

3. The Court initially granted Respondents' abeyance motion, EFC No. 192-2, but withdrew that Order one week later, following Petitioners submission of a motion for reconsideration, ECF No. 200-2. In the Order revoking the abeyance,

the Court directed that "[i]f EPA takes a revised position regarding the underlying rule, as a result of new agency leadership, it will advise this court immediately." ECF No. 200-2.

4. EPA officials have now identified a concern about two positions taken in the brief in light of rulemaking currently underway at EPA. Specifically, EPA is now revisiting a separate TSCA implementation rule, entitled "Procedures for Chemical Risk Evaluation Under the Toxic Substances Control Act," 89 Fed. Reg. 37028 (May 3, 2024). This rule is referred to in short as the "2024 Risk Evaluation Framework Rule." The 2024 Risk Evaluation Framework Rule was promulgated pursuant to the 2016 Amendments to TSCA and revised certain policy decisions and statutory interpretations made in an initial 2017 Risk Evaluation Framework Rule, 82 Fed. Reg. 33725 (July 20, 2017).

5. The risk evaluation for methylene chloride was conducted under the 2017 Risk Evaluation Framework Rule, but EPA later revised the risk determination portion of that risk evaluation to reflect revised policy decisions and statutory interpretations consistent with interpretations set forth in the later-promulgated 2024 Risk Evaluation Framework Rule—now under reconsideration. *See* Respondents Br. at 25, 75-83. In particular, the revised risk determination for methylene chloride took a different approach from the initial risk determination in two respects. First, EPA revised the risk determination to make a singular risk

determination for a whole chemical substance rather than separate risk determinations for each condition of use of a chemical substance. *Id.* at 75, 79-83. Second, EPA changed its approach with respect to the use of personal protective equipment by certain occupational users, finding that it was more appropriate to base its risk determination on exposure levels that would result if users did *not* use personal protective equipment, rather than assuming that certain occupational users used such equipment. *Id*. at 75-79. Industry Petitioners challenge both those aspects of the revised risk determination in this litigation.

6. The single risk determination and personal protective equipment approaches were later codified in the 2024 Risk Evaluation Framework Rule, finalized shortly after the Rule at issue here was promulgated. EPA has now announced that it is reconsidering the 2024 Risk Evaluation Framework Rule and its position on these aforementioned issues. Press Release, EPA, "EPA Announces Path Forward on Chemical Reviews to Protect Public Health, Increase Efficiency and Follow the Law" (March 10, 2025).[1] EPA expects to propose a revised risk evaluation framework rule by June 2025 and finalize that rule by April 2026. As a result of that reconsideration process, EPA may reach positions on these two issues that are contrary to those taken in its brief in this case. Given the ongoing

---

[1] Available at https://www.epa.gov/newsreleases/epa-announces-path-forward-chemical-reviews-protect-public-health-increase-efficiency (last accessed on May 1, 2025)

reconsideration and to avoid any prejudgment of issues that it is revisiting, the Agency will no longer defend the positions on the single risk determination and personal protective equipment issues set forth in its brief at pages 75-83.

7. EPA intends to continue to defend the Rule based on other arguments set forth in its brief. Accordingly, EPA requests that the rule be upheld to the extent that it does not depend upon its position on the single risk determination and personal protective equipment issues.

8. In light of EPA's reconsideration of its prior position, EPA notes that it does not oppose intervention were the Court to reconsider its July 30, 2024, order denying amici AFL-CIO's motion to intervene.

Dated: May 12, 2025

Respectfully submitted,

ADAM R.F. GUSTUFSON
*Acting Assistant Attorney General*

/s/ *Laura J. Brown*
LAURA J. BROWN
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-3376 (phone)
(202) 514-8865 (fax)
Email: laura.j.s.brown@usdoj.gov

ORAL ARGUMENT SCHEDULED FOR JUNE 3, 2025

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 859 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f). This filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman fourteen-point font.

*/s/ Laura J. Brown*

ORAL ARGUMENT NOT YET SCHEDULED

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*/s/ Laura J. Brown*