**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

| | |
|---|---|
| EAST FORK ENTERPRISES, INCORPORATED; EPIC PAINT COMPANY,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY;<br>LEE ZELDIN, Administrator, United States Environmental Protection Agency,<br><br>Respondents. | Case No. 24-60277 |
| EAST FORK ENTERPRISES, INCORPORATED; EPIC PAINT COMPANY; SIERRA CLUB; AMERICAN CHEMISTRY COUNCIL,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY;<br>LEE ZELDIN, Administrator, United States Environmental Protection Agency,<br><br>Respondents. | Consolidated with<br>Case No. 24-60256 |

**SIERRA CLUB'S RESPONSE IN OPPOSITION TO PETITIONERS' MOTION TO EXPEDITE THE ISSUANCE OF THE MANDATE**

On September 15, 2026, this Court ordered the vacatur of the Environmental Protection Agency's ("EPA's") partial ban of methylene chloride, a deadly solvent used in paint strippers, degreasers, and other consumer and commercial products. Pursuant to the Federal Rules of Civil Procedure and this Court's operating procedures, the mandate will issue in approximately six weeks. Petitioners East Fork Enterprises and Epic Paint Company ("Petitioners") ask the Court to depart from its ordinary practice, cut short the time for other parties or judges to seek rehearing, and "immediately" issue the mandate, so they can go back to selling a harmful chemical sooner than the Federal Rules provide. Because there is no good cause or basis for that request, Petitioners' motion should be denied.[1]

As this Court has acknowledged, exposure to methylene chloride "can cause injury or even death." Slip. Op. at 2, Dkt. No. 282-1. Since 1980, more than eighty people have died from the inhalation of methylene chloride paint strippers alone. *See* Anh Hoang et al., *Assessment of Methylene Chloride-Related Fatalities in the United States, 1980-2018*, 181 JAMA Internal Med. 797 (2021), https://doi.org/10.1001/jamainternmed.2021.1063. In 2020, following a multi-year

---

[1] While Federal Rule of Civil Procedure 41(b) does not provide a standard for motions to expedite the production of the record, and Petitioners' motion identifies no governing standard, other circuits have required a showing of good cause. *See, e.g.*, *Karn v. U.S. Dep't of State*, No. 96-5121, 1997 WL 71750 (D.C. Cir. Jan. 21, 1997).

risk evaluation process, EPA determined that methylene chloride presents unreasonable risk to human health. Four years later, EPA finalized a rule prohibiting or restricting the uses of methylene chloride that contribute to that risk.

Petitioners and Sierra Club filed separate petitions for review of the methylene chloride rule in May 2024. While the rule's first restrictions took effect less than five months later, Petitioners did not seek to expedite their appeal. Nor did Petitioners seek to stay the rule or move for provisional relief as the manufacturing, sale, and use of methylene chloride were phased out between May 2025 and April 2026. Yet, after more than two years of litigation, Petitioners now claim that waiting forty-three more days for EPA, the Sierra Club, or an active judge of this Court to decide whether to seek reconsideration or rehearing will impose "irreparable harm" warranting emergency relief. Pet'rs' Mot. to Expedite Issuance of the Mandate ¶ 6, Dkt. No. 288 ("Mot.") (citation omitted).

The only harm identified in Petitioners' motion is the cost of "wait[ing] before they can actually resume lawful sales" and exports of methylene chloride. *Id.* ¶ 10. But the incurrence of costs alone does not provide a basis for departing from this Court's ordinary procedures and expediting the issuance of the mandate. Indeed, Petitioners' argument would effectively nullify Federal Rule of Appellate Procedure 41(b) in successful cases involving challenges to government regulations. To establish standing, a petitioner must be harmed or burdened by the

rule it is challenging. Any successful litigant could therefore assert the same interest that Petitioners have claimed here: a desire to be relieved of the rule's burdens or costs before the forty-five-day period prescribed in Rule 41(b) has run.[2] If that was enough to warrant relief, the exception would become the norm and the waiting period provided under that rule—which affords losing parties the opportunity to evaluate the Court's decision and determine their next steps—would be lost.

None of the cases cited in Petitioners' motion support their requested relief. In *V.O.S. Selections, Inc. v. Trump*, a challenge to the Trump administration's tariffs, the Federal Circuit stayed the issuance of its mandate pending Supreme Court review, then lifted that stay and immediately issued the mandate after the Supreme Court affirmed that the tariffs were, in fact, unlawful. Mot. for Immediate Issuance of the Mandate at 9, *V.O.S. Selections, Inc. v. Trump*, No. 25-1812 (Fed. Cir. Feb. 24, 2026), Dkt. No. 169 ("The mandate did not issue in the ordinary course here only because of this Court's orders staying the mandate's issuance until the Supreme Court entered its judgment"); Order, *V.O.S. Selections, Inc. v. Trump*, No. 25-1812 (Fed. Cir. Mar. 2, 2026), Dkt. No. 173. *V.O.S. Selections* thus affirms

[2] Similarly, Petitioners' claim that the Court "could … recall the mandate" if it grants rehearing is true in every case, and thus cannot provided a basis for setting aside the Court's ordinary procedures and expediting the issuance of the mandate. Mot. ¶ 13.

the ordinary rule that the mandate should issue only after there has been a meaningful opportunity to seek further review. In *Astrellas Pharma, Inc. v. Sandoz Inc.*, a patent infringement suit, the Appellant had “attempted to mitigate the[] harms” from infringement during the course of the litigation by expediting its appeal and moving for a preliminary injunction. Appellant’s Mot. to Expedite the Mandate at 5-6, *Astrellas Pharma, Inc. v. Sandoz Inc.*, No. 23-2032 (Fed. Cir. Sept. 30, 2024), Dkt. No. 93. Here, Petitioners first asserted the need for emergency relief after the Court had issued its decision. In *PJM Power Providers Grp. v. FERC*, a challenge to the rules governing an electrical capacity auction, the Third Circuit expedited the issuance of the mandate to give FERC “adequate time to issue a remedial order” before the scheduled auction date. Pet’rs’ Mot. for Immediate or Expedited Issuance of the Mandate at 5, *PJM Power Providers Grp. V. FERC*, No. 23-1778 (3d Cir. Mar. 21, 2024), Dkt. No. 122 (“If issuance of the mandate is not expedited by contrast, there is a meaningful chance that FERC will not act prior to the start of the delivery year.”). Here, there is no external deadline warranting the expedition of the mandate, and Petitioners have not explained how the costs they expect to incur over the remaining forty-three days until the mandate is scheduled to issue will be any different from the costs they incurred over the last forty-three days, or the forty-three days before that.

Finally, expediting the issuance of the mandate would prejudice the other parties and the public. Whatever concerns this Court may have had with EPA's risk evaluation and rulemaking processes for methylene chloride, the Court never denied that methylene chloride may present unreasonable risk. *See* Slip. Op. at 2 (acknowledging that methylene chloride "has carcinogenic properties" and "can cause … death."). The Petitioners themselves "do not assert that [methylene chloride] presents no 'unreasonable risk.'" *Id.* at 33. Resuming the production, sale, and use of methylene chloride will once again expose workers, consumers, and communities across the country to those risks, without the protections provided by the vacated rule. Before that occurs, EPA and Sierra Club deserve the forty-five days provided in Federal Rule of Appellate Procedure 41(b) to evaluate the Court's decision and decide whether to seek any further review or relief.[3] Petitioners' efforts to curtail that review and to hasten the return of a dangerous chemical should be denied.

---

[3] Petitioners cite no support for their claim that "the Court can issue the mandate immediately for East Fork Petitioners without affecting the timeline for issuance on the Sierra Club's petition." Mot. ¶ 7. These consolidated proceedings challenge the same rule, and they were decided in a single decision and order. Issuance of the mandate in any proceeding will result in the immediate vacatur of the methylene chloride rule, while the others remaining parties are still deciding their next steps. Moreover, even if the Court were able to bifurcate the mandate and issue it solely with respect to individual parties, the motion would still cut short the time for EPA or other judges on this Circuit to seek rehearing.

Dated: September 25, 2026

Respectfully submitted,

*/s/ Jonathan Kalmuss-Katz*
Jonathan Kalmuss-Katz
Lakendra S. Barajas
Earthjustice
48 Wall Street Floor 15
New York, New York 10005
T: 212-823-4989
T: 212-284-8025
jkalmusskatz@earthjustice.org
lbarajas@earthjustice.org

*Counsel for Petitioner Sierra Club*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), counsel hereby certifies that the foregoing Response in Opposition to Petitioners' Motion to Expedite the Issuance of the Mandate contains 1,267 words, as counted by counsel's word processing system, and thus complies with the 5,200-word limit. *See* Fed. R. App. P. 27(d)(2)(A).

Further, this document complies with the typeface and type-style requirements of the Federal Rules of Appellate Procedure, 32(a)(5) and (a)(6), because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 using size 14 Times New Roman font.

Dated: September 25, 2026

*/s/ Jonathan Kalmuss-Katz*
Jonathan Kalmuss-Katz

## CERTIFICATIONS UNDER ECF FILING STANDARDS

Pursuant to paragraph A(6) of this Court's ECF Filing Standards, I hereby certify that (1) required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R.25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated: September 25, 2026

*/s/ Jonathan Kalmuss-Katz*
Jonathan Kalmuss-Katz

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, I electronically filed the foregoing Response in Opposition to Petitioners' Motion to Expedite the Issuance of the Mandate using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: September 25, 2026

*/s/ Jonathan Kalmuss-Katz*
Jonathan Kalmuss-Katz